UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARRIS MOBILE APPEARANCE RECONDITIONING SERVICE, INC., <br> Plaintiff, <br><br> vs. <br><br> MIRACLE APPEARANCE RECONDITIONING SPECIALISTS INTERNATIONAL, INC., MEN FORM MARS, INC., DONOVAN HALL, MEL LUIGS, and DAVID JONES, <br> Defendants. | 1:07-cv-620- LJM-JMS |

**ORDER**

This cause is before the Court on Defendants' Motion to Dismiss or Transfer Plaintiff's Amended Complaint (Docket No. 18). The Court previously denied the request to transfer, and so only the request for dismissal remains. For the reasons that follow, Defendants' request to dismiss the Amended Complaint is **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

Plaintiff, Harris Mobile Appearance Reconditioning Service, Inc. ("Harris Mobile"), is an Indiana corporation with its principal place of business located within Hamilton County, Indiana. *See* Am. Compl., ¶ 2. Harris Mobile principally operates within Marion, Johnson, and Hamilton Counties. *See id.*, ¶ 4. Defendants Miracle Appearance Reconditioning Specialists International, Inc., and Men From MARS, Inc., are both Texas corporations with their principal places of business located in Arlington Texas. *See id.*, ¶ 5. Defendants Donovan Hall, Mel Luigs, and David Jones,

(all defendants collectively, "Defendants") are alleged to be the "Top Management" of the two Texas corporations and reside in Texas. *See id.*, Intro. & ¶ 7.

In April 2005 and 2006, hail storms occurred in Marion, Johnson, and Hamilton Counties. *See id.*, ¶¶ 10, 17, 21. As a result of hail damage, several of Harris Mobile's customers sought hail repair services. *See id.*, ¶¶ 11, 18. Due to the large number of customers, Harris Mobile was unable to handle all of the requests for service. *See id.* Harris Mobile contends that it telephoned Defendants and requested "Hail Teams" for assistance with meeting its customers' needs. *See id.*, ¶¶ 12, 19, 23. Harris Mobile contends that it was assured on numerous, through David Jones, that Defendants would provide the Hail Teams to assist Harris Mobile and that Defendants instructed it to book as much business as possible. *See id.*, ¶¶ 9, 12, 19, 23. Harris Mobile alleges that it made arrangements to provide hail repair services but Defendants never followed through on their promise to provide Hail Teams. *See id.*, ¶¶ 12-14, 20, 23-24, 28. As a result, Harris Mobile contends that it had to cancel orders on the "business opportunity of a lifetime" and that its customers had to turn to competitors for assistance. *See id.*, ¶¶ 30-32

Harris Mobile asserts that Defendants claimed that they were unable to provide the Hail Teams because those teams were busy in other states and unavailable. *See id.*, ¶ 15. Harris Mobile alleges that Defendants intentionally misrepresented that its teams were unavailable because it knew that it did not have any teams. *See id.*, ¶ 16. Harris Mobile contends that Defendants breached an agreement to provide Hail Teams and that it relied on Defendants misrepresentations to its detriment. *See id.*, ¶¶ 33-39.

## II. DISMISSAL STANDARDS

Defendants seek dismissal of the claims raised in the Amended Complaint pursuant to Rules 12(b)(6) and 9(b) the Federal Rules of Civil Procedure. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

Defendants also move to dismiss pursuant to Rule 9(b).  Harris Mobile is "not required to plead the particulars of [its] claim[s]," *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774 (7th Cir. 1994), except in cases alleging fraud or mistake where it must plead the circumstances constituting such fraud or mistake with particularity.  *See* Fed. R. Civ. P. 9(b); *Hammes*, 33 F.3d at 778.  "Particularity" requires Harris Mobile to plead the who, what, when, where, and how of the alleged fraud.  *See Ackerman v. N.W. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990).  The Court need not ignore facts set out in the Amended Complaint that might undermine Harris Mobile's claims, *see Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir.), *cert. denied*, 534 U.S. 828 (2001), nor is the Court required to accept Harris Mobile's legal conclusions.  *See Reed*, 77 F.3d at 1051; *Gray*, 854 F.2d at 182.

### III.  **DISCUSSION**

Defendants raise three arguments in support of their request to dismiss: (1) that the parties' relationship is governed by a Franchise Agreement that contains no promise to supply Hail Teams and precludes oral modifications of the agreement; (2) that Harris Mobile has failed to allege any misrepresentation of material fact; and (3) that Harris Mobile has failed to plead fraud with the requisite particularity.  The Court need only address the first two arguments and addresses them in turn.

First, regarding the reference to the Franchise Agreement, the Court previously articulated at the conclusion of the September 20, 2007, Oral Argument that the oral agreement to provide Hail Teams is separate from the Franchise Agreement.  Section 11.1 of the Franchise Agreement makes

clear that the Franchise Agreement represents the parties' understanding with respect to the "subject matter" of the agreement. Nothing in the Franchise Agreement covers separate service agreements or precludes such other agreements. Indeed, the Franchise Agreement simply involves the operation of a franchise and the licensing of service marks and trade marks that go with such agreements. Thus, Defendants argument for dismissal of the breach of contract claim is unavailing. The Court finds that Harris Mobile has sufficiently plead a breach of contract claim because it has alleged the existence of an agreement, a breach of that agreement, and resulting damages. *See Collins v. McKinney*, 871 N.E.2d 363, 368 (Ind. Ct. App. 2007) (providing the elements for a breach of contract claim).

The Court now turns to Defendants' arguments addressing the fraud claim. The Court concludes that it need not determine whether Harris Mobile has plead fraud with the requisite particularity because, even assuming that Harris Mobile has plead fraud with the requisite degree of particularity, the fraud claim fails as a matter of law. In Indiana, a claim for fraud must be based on a material misrepresentation of past or existing fact. *See Biberstine v. N.Y. Blower Co.*, 625 N.E.2d 1308, 1315 (Ind. Ct. App. 1993). Fraud "may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." *Id.* Thus, when an entity misrepresents what actions it will take in the future, a claim for fraud will not lie. *See Comfax Corp. v. N.A. Van Lines, Inc.*, 587 N.E.2d 118, 125 (Ind. Ct. App. 1992) (affirming dismissal of fraud claim where party had promised to promote other party's products at a meeting but failed to do so). Here, Harris Mobile bases its fraud claim on an alleged failure to fulfill a promise to provide Hail Teams. Under Indiana law, this allegation is insufficient

to form the basis of a fraud claim. Therefore, Harris Mobile's fraud claim must be, and therefore is, **DISMISSED**.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss or Transfer Plaintiff's Amended Complaint (Docket No. 18) is **GRANTED in part and DENIED in part**. Plaintiff's, Harris Mobile Appearance Reconditioning Service, Inc., claim for fraud is **DISMISSED** and the allegations concerning the same are hereby **STRUCK** from the Amended Complaint.

IT IS SO ORDERED this 26th day of November, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com