UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HARRIS MOBILE APPEARANCE RECONDITIONING SERVICE, INC., Plaintiff, | ) ) ) ) | |
| vs. | ) ) | 1:07-cv-620- LJM-JMS |
| MIRACLE APPEARANCE RECONDITIONING SPECIALISTS INTERNATIONAL, INC., MEN FROM MARS, INC., DONOVAN HALL, MEL LUIGS, and DAVID JONES, Defendants. | ) ) ) ) ) ) ) | |

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 58). Defendants' latest motion follows Plaintiff's attempt to cure the deficiencies in a fraud claim that the Court had previously dismissed. The motion has been fully briefed and is ripe for ruling.

For the reasons that follow, Defendants' motion is **DENIED**.

### I. BACKGROUND

For the most part, the basic allegations in the Second Amended Complaint ("SAC") are the same as those in the Amended Complaint. Plaintiff, Harris Mobile Appearance Reconditioning Service, Inc. ("Harris Mobile"), is an Indiana corporation with its principal place of business located within Hamilton County, Indiana. *See* SAC., ¶ 1. Harris Mobile operates within Marion, Johnson, and Hamilton Counties. *See id.*, ¶ 3. Defendants Miracle Appearance Reconditioning Specialists International, Inc., and Men From MARS, Inc. (these defendants collectively, "MARS entities"), are

both Texas corporations with their principal places of business located in Arlington, Texas. *See id.*, ¶ 4. Defendants Donovan Hall ("Hall"), Mel Luigs ("Luigs"), and David Jones ("Jones") (these defendants along with the MARS entities collectively, "Defendants"), are alleged to be the "Top Management" of the two Texas corporations and reside in Texas. *See id.*, Intro. & ¶ 6.

In April 2005 and April 2006, hail storms occurred in Marion, Johnson, and Hamilton Counties. *See id.*, ¶¶ 10, 15, 19. As a result of hail damage, several of Harris Mobile's customers sought hail repair services. *See id.*, ¶¶ 11, 16, 18. Harris Mobile contends that Defendants promised several times to provide "Hail Teams" for assistance with meeting its customers' needs in the event of hail storms and represented that such teams were available. *See id.*, ¶¶ 9, 33, 35, 37. Harris Mobile asserts that it contacted Defendants after the hail storms to request assistance and to advise Defendants that it was relying on Defendants' guarantee that Hail Teams would be provided. *See id.*, ¶¶ 12, 17, 21. Harris Mobile contends that Defendants, through David Jones, assured Harris Mobile that the teams would be provided immediately. *See id.*, ¶¶ 12, 17, 21, 27. Harris Mobile alleges that, in reliance on Defendants' promises and assurances, it made arrangements to provide hail repair services to its customers; however, Defendants never followed through on their promise to provide Hail Teams. *See id.*, ¶¶ 13-14, 18, 21-22, 26. As a result, Harris Mobile contends that it had to cancel orders on the "business opportunity of [a] lifetime" and that its customers had to turn to competitors for assistance. *See id.*, ¶¶ 25, 28-30.

Harris Mobile contends that Defendants breached an agreement to provide Hail Teams and that it relied on Defendants misrepresentations to its detriment. *See id.*, ¶¶ 29-31, 36. Harris Mobile further claims that Defendants intentionally misrepresented that it had Hail Teams available to assist Harris Mobile in order to induce Harris Mobile to enter into an agreement with Defendants. *See id.*,

2

¶ 33, 37-43. Harris Mobile alleges that Defendants knew that they had no teams available each and every time that Defendants represented otherwise. *See id.*, ¶ 41.

## II.  DISMISSAL STANDARDS

Defendants seek dismissal of the claims raised in the Amended Complaint pursuant to Rules 12(b)(6) and 9(b) the Federal Rules of Civil Procedure. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v.*

*State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

Defendants also move to dismiss pursuant to Rule 9(b). Harris Mobile is "not required to plead the particulars of [its] claim[s]," *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774 (7th Cir. 1994), except in cases alleging fraud or mistake where it must plead the circumstances constituting such fraud or mistake with particularity. *See* Fed. R. Civ. P. 9(b); *Hammes*, 33 F.3d at 778. "Particularity" requires Harris Mobile to plead the who, what, when, where, and how of the alleged fraud. *See Ackerman v. N.W. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990). Again, the Court need not ignore facts set out in the Amended Complaint that might undermine Harris Mobile's claims, *see Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir.), *cert. denied*, 534 U.S. 828 (2001), nor is the Court required to accept Harris Mobile's legal conclusions. *See Reed*, 77 F.3d at 1051; *Gray*, 854 F.2d at 182.

### III. DISCUSSION

Defendants argue that the SAC should be dismissed because (1) the breach of contract claim fails to allege the terms of the contract or parties to the contract, and (2) the fraud claim fails to allege a misrepresentation of past or existing fact and has not been plead with sufficient particularity. The Court addresses each argument in turn.

With respect to the breach of contract claim, the Court is unpersuaded by Defendants' arguments. Defendants' desire for more concrete contractual terms is something that can be met

through discovery and, if there is evidence that such terms are lacking, addressed in a motion for summary judgment. Moreover, the Court is unconvinced by Defendants' suggestion that the alleged parties are unclear because the SAC contemplates that all Defendants are involved and it makes reference to "he," no doubt referring to Harris Mobile's owner Brandon Harris, the principal acting on behalf of the corporate entity who is the real plaintiff in this case.

Defendants' arguments notwithstanding, what is important for the motion to dismiss and the breach of contract claim is whether the SAC puts Defendants on notice of such a claim. The Court finds that the SAC, like the Amended Complaint, sufficiently states a breach of contract claim. Harris Mobile's SAC alleges the existence of an agreement, a breach of that agreement, and resulting damages. *See* SAC, ¶¶ 8-31. Accordingly, the SAC provides sufficient notice of a breach of contract claim. *See Collins v. McKinney*, 871 N.E.2d 363, 368 (Ind. Ct. App. 2007) (providing the elements for a breach of contract claim). Defendants' arguments to the contrary are therefore rejected and the request to dismiss the breach of contract claim is **DENIED**.

The Court likewise finds unavailing Defendants' arguments regarding the fraud claim. As the Court has previously noted in this cause, a claim for fraud in Indiana must be based on a material misrepresentation of past or existing fact. *See Biberstine v. N.Y. Blower Co.*, 625 N.E.2d 1308, 1315 (Ind. Ct. App. 1993). Fraud "may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." *Id.* Thus, when an entity misrepresents what actions it will take in the future, a claim for fraud will not lie. *See Comfax Corp. v. N.A. Van Lines, Inc.*, 587 N.E.2d 118, 125 (Ind. Ct. App. 1992) (affirming dismissal of fraud claim where party had promised to promote other party's products at a meeting but failed to do so). Defendants contend that Harris Mobile's fraud claim fails to satisfy

these requirements. The Court disagrees. While the fraud claim in the SAC is similar to the one plead in the Amended Complaint, and ultimately dismissed, the Court concludes that Harris Mobile has now plead a material misrepresentation of past or existing fact. Specifically, Harris Mobile contends that Defendants represented multiple times that they had Hail Teams available when Defendants knew that such teams really were not available. *See* SAC, ¶¶ 9, 29-31, 33, 35-41. Harris Mobile further asserts that Defendants made these misrepresentations in order to induce Harris Mobile to enter into the Hail Services Agreement. *See id.*, ¶¶ 33, 35, 37, 42-43. Based on these allegations in the SAC, the Court finds that Harris Mobile has adequately plead a material misrepresentation of past or existing fact.

Moreover, the Court rejects Defendants' argument that Harris Mobile has failed to plead fraud with the requisite degree of particularity. Harris Mobile alleges that it contacted the MARS entities via telephone and that the Top Management for the MARS entities, which includes Hall, Luigs, and Jones, represented "almost on a daily basis" around the time of the hail storms that there were available Hail Teams to assist Harris Mobile. *See id.*, Intro. & ¶¶ 12, 17, 21, 26, 32-33, 35, 37. Based on these allegations, the Court finds that Harris Mobile has plead its fraud claim with sufficient particularity because it has alleged the who, what, when, where, and how of the alleged fraud. *See Ackerman.*, 172 F.3d at 469. Accordingly, Defendants' request to dismiss the fraud claim is **DENIED**.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 58) is **DENIED**.

IT IS SO ORDERED this 28th day of May, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com